UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CATHERINE BUSH, et al., | |
| Plaintiffs, | CIVIL ACTION NO. 3:23-cv-01152 |
| v. | (SAPORITO, M.J.) |
| LUZERNE COUNTY, et al., | |
| Defendants. | |

## MEMORANDUM

This matter is before the court on the defendants' motion to sever and trifurcate (Doc. 14). Personal representatives of the estates of decedents Ryan Christopher Bush, Stevie Rae Dickson, and Lynn Yurksha filed their complaint in the Court of Common Pleas of Luzerne County, Pennsylvania, on June 30, 2023. The matter was timely removed to this court by defendant WellPath, LLC, on July 11, 2023. The plaintiffs have asserted claims under the Eighth and Fourteenth Amendments to the United States Constitution, the Americans With Disabilities Act, and the Rehabilitation Act.

The decedents, Bush, Dickson, and Yurksha, all committed suicide while incarcerated at the Luzerne County Correctional Facility ("LCCF")

over a seven-month span in 2021. None of their respective periods of incarceration overlapped with each other.

The defendants request that we sever this case into three separate actions, each limited to events or conduct occurring at LCCF during the periods of incarceration of each of the decedents where the plaintiffs' claims arose. They contend that claims arising out of events for these three separate incidents are factually distinct from one another and do not arise out of the same transaction or occurrence, and thus they are improperly joined. The plaintiffs oppose severance, arguing that all of their claims arise out of the same *series* of transactions or occurrences.

Rule 20 of the Federal Rules of Civil Procedure provides that:

> Persons . . . may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). "The purpose of Rule 20(a) is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." *Russell v. Chesapeake Appalachia, L.L.C.*, 305 F.R.D. 78, 81 (M.D. Pa. 2015). "Courts have broad discretion in

2

applying Rule 20 to reduce inconvenience, delay, and added expense to the parties and to the court, and to promote judicial economy. Nevertheless, [t]he policy of liberal application of Rule 20 is not a license to join unrelated claims and defendants in one lawsuit." *Lester v. Rosato*, No. CV-14-1046, 2014 WL 3421072, at *2 (M.D. Pa. July 11, 2014). Ultimately, "[u]nder the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *Russell*, 305 F.R.D. at 81.

Rule 21 of the Federal Rules of Civil Procedure provides that: "On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21.

> [A] district court has broad discretion in deciding whether to sever a party or claim pursuant to Rule 21. Although Rule 21 is most commonly invoked to sever parties improperly joined under Rule 20, the Rule may also be invoked to prevent prejudice or promote judicial efficiency.
>
> Specific factors to be considered in determining whether severance is warranted include: (1) whether the issues sought to be tried separately are significantly different from one another, (2) whether the separable issues require the testimony of different witnesses and

> different documentary proof, (3) whether the party opposing the severance will be prejudiced if it is granted, and (4) whether the party requesting severance will be prejudiced if it is not granted.
>
> In addition, a district court has the inherent power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. A court's inherent power to manage its caseload, control its docket, and regulate the conduct of attorneys before it, provides authority to fashion tools that aid the court in getting on with the business of deciding cases.

*Marshall v. Pa. Dep't of Corr.*, No. 12-0351, 2013 WL 1952442, at *2 (M.D. Pa. May 10, 2013) (citations and internal quotation marks omitted).

In this case, the defendants argue that the plaintiffs' claims must be severed and trifurcated into separate lawsuits because there is an insufficient basis for joinder. The defendants argue that the claims do not arise out of the same transaction, occurrence, or series of transactions or occurrences, nor is there a question of law or fact common to all defendants. They maintain that the individualized claims involve different facts, issues, defenses, and witnesses and the only common fact shared by these three suicides is the plaintiffs' contention that they were due to opioid withdrawal and inadequate treatment. Finally, the defendants argue that severance is favored because allowing the

plaintiffs' claims to proceed in a single action will be exceedingly prejudicial to the defendants.

In contrast, the plaintiffs contend that Luzerne County and WellPath, through its predecessor, Correct Care Solutions, consciously disregarded the recommendations of a July 2018 assessment--prepared by an expert in the field of suicide prevention within jails' whom Luzerne County had retained following three suicides that occurred between June 2017 and January 2018 at LCCF.  In addition, the plaintiffs maintain that the complaint sets forth the County's and WellPath's policies, practices, and customs of providing inadequate healthcare at LLCF and their refusal to provide medically assisted treatment to withdrawing inmates.

Given the procedural posture of this case--the complaint is the only pleading filed and the parties have not yet had an opportunity to conduct discovery or submit any evidentiary record--there are clearly material facts in dispute and many facts unknown.  Under the circumstances, as the court held in *Russell,* we will deny the defendants' motion without prejudice and allow them to raise the issue again in the future, if the facts warrant it.  "Keeping the claims together during the discovery phase of

5

the litigation would not prejudice any party, and may encourage efficiency." *Russell*, 305 F.R. D. at 82; *see also Miller v. Hygrade Food Prod. Corp.*, 202 F.R.D. 142, 145 (E.D. Pa. 2001) (where discovery had not yet closed and dispositive motions had not been filed, it was too soon to determine whether the individual claims should be severed for trial).

An appropriate order follows.


Dated: December 19, 2023        **_s/Joseph F. Saporito, Jr._**
                                JOSEPH F. SAPORITO, JR.
                                U.S. Magistrate Judge